**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) <br> ) MDL No. 2:18-mn-02873-RMG <br> )                MDL 2873 <br> ) |

**SHORT FORM COMPLAINT AND JURY DEMAND**

    The Plaintiffs named herein through **Exhibit A** file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35. This Short Form Complaint is being utilized, permitted and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court. Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35. Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

## Plaintiffs

1. Plaintiffs listed in the attached **Exhibit A** allege exposure to Perfluouroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF"). As a result of exposure to PFAS substances contained in AFFF, Plaintiffs endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.

2. Plaintiffs allege the plaintiff-specific information listed in **Exhibit A**.

## Defendants

3. Plaintiffs bring suit against the following Defendants:

   (1).  3M Company (F/K/A Minnesota Mining and Manufacturing Company;
   (2).  AGC Chemicals AGC Chemicals Americas, Inc.;
   (3).  Archroma US, Inc.;
   (4).  Arkema, Inc.;
   (5).  Buckeye Fire Equipment Company;
   (6).  Chemguard, Inc.;
   (7).  Chemours Company;
   (8).  Chemours Company FC, LLC;
   (9).  Clariant Corporation;
   (10). Corteva, Inc.;
   (11). Dupont De Nemours, Inc.;
   (12). Dynax Corportation;
   (13). EIDP, Inc.;
   (14). Elevate Textiles, Inc.;
   (15). Fire-Dex GW, LLC;
   (16). Gentex Corporation;
   (17). Globe Manufacturing Co., LLC;
   (18). Honeywell Safety Products USA, Inc.;
   (19). Intertech Group, Inc.;

(20).  Kidde-Fenwal, Inc.;

(21).  Lion Group, Inc.;

(22).  Milliken & Company;

(23).  Morning Pride Manufacturing LLC.;

(24).  National Foam, Inc.;

(25).  PBI Performance Products, Inc.;

(26).  Safety Components Fabric Technologies, Inc.;

(27).  Southern Mills, Inc. d/b/a Tencate Protective Fabrics;

(28).  Stedfast USA, Inc.;

(29).  Tyco Fire Products, LP;

(30).  W.L. Gore & Associates, Inc.

## Jurisdiction & Venue

4. Plaintiff alleges jurisdiction based on diversity, 28 USC §1332.

5. Plaintiffs designate the District Courts indicated on **Exhibit A** as the "Home Venue" defined as the proper venues of origin where the claims could have otherwise been brought pursuant to 28 USC §1391.

## Plaintiff's Allegations Of Exposure

6. Plaintiffs allege exposure to PFAS, as described in **Exhibit A**, as a result of:

   a. Direct exposure to AFFF (ie use or handling of AFFF); and/or

   b. Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or

   c. Exposure to turnout gear ("TOG" containing PFAS.

The specific exposure alleged by each plaintiff is indicated in **Exhibit A**.

## Plaintiff's Alleged Injuries

7. Plaintiffs allege one or more of the following personal injuries as described in **Exhibit A**:

   a. Kidney Cancer;

   b. Testicular Cancer;

   c. Thyroid Disease;

   d. Ulcerative Colitis; and,

   e. Thyroid Cancer.

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

## Causes of Action

9. The specific causes of action Plaintiffs can adopt and incorporate by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff on **Exhibit A** adopts and alleges such Causes as indicated on **Exhibit A**:

   a. Count I – Defective Design;

   b. Count II – Failure to Warn;

   c. Count III – Negligence;

   d. Count IV – Negligence Per Se;

   e. Count V – Trespass and Battery;

    f.      Count VI – Strict Product Liability;

    g.      Count VII – Market Share Liability, Alternative Liability, Concert of Action, and Enterprise Liability;

    h.      Count VIII – Concealment, Misrepresentation, and Fraud;

    i.      Count IX – Conspiracy;

    j.      Count X – Wrongful Death;

    k.      Count XI – Loss of Consortium;

    l.      Count XII – Unmerchantable/Unfitness For A Particular Purpose in violation of UCC §§ 2-314, 2-315;

    m.      Count XIII – Unfair & Deceptive Acts or Practices in the conduct of a business.

## Jury Demand

10.    Plaintiffs demand a trial by jury as to all issues and claims in this action to which a right to trial by jury is accorded by law and the U.S. Constitution.

Dated: August 28, 2025

Submitted by their attorney:

*Jan Schlichtmann*
Jan Schlichtmann, Esq.
Ma. BBO #445900
Attorney for Plaintiffs
PO Box 233
Prides Crossing, MA 01965
O: 978-804-2553
Email: jan@schlichtmannlaw.com